**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Nicolas M. CHIHUAHUA,**
**Defendant–Appellee.**

No. 03–3070.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 30, 2003.

Decided Oct. 31, 2003.

Stephen B. Clark, Office of the United States Attorney, Fairview Heights, IL, for Plaintiff–Appellant.

Burton H. Shostak, Moline, Shostak, Strand & Mehan, Clayton, MO, for Defendant–Appellee.

Before BAUER, POSNER, and EASTERBROOK, Circuit Judges.

### Order

The appeal is hereby removed from the argument calendar and decided on the briefs.

The district court imposed a sentence below the statutory minimum after finding that three criminal history levels—though an accurate calculation given defendant's criminal convictions—overstated the seri-

ousness of his acts. The judge decided to proceed as if defendant had only one criminal history point, which made him eligible for a sentence below the mandatory minimum. Our decision in *United States v. Vega–Montano*, 341 F.3d 615, 619–20 (7th Cir.2003), which was released after the district court's action, holds that such a reduction is improper. The safety-value statute limits its benefits to defendants whose *actual* criminal history includes no more than one point. See 18 U.S.C. § 3553(f)(1). A court may not proceed on an "as if" basis. The procedures for departing from the Sentencing Guidelines do not imply an entitlement to pretend (for purposes of a statutory minimum that prevails over any guideline) that the criminal history was other than it is.

The sentence imposed by the district court is vacated, and the case is remanded for further proceedings consistent with *Vega–Montano* and 21 U.S.C. § 841(a)(1)(A).